NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 31 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIANO SANTIAGO GRANDE, | No. 20-72612 |
| Petitioner, | Agency No. A200-823-656 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 29, 2022[**]
Pasadena, California

Before: BOGGS,[***] OWENS, and FRIEDLAND, Circuit Judges.

Mariano Santiago Grande ("Santiago Grande"), a native and citizen of

Mexico, petitions for review of the decision of the Board of Immigration Appeals

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

("BIA") dismissing his appeal of the Immigration Judge's ("IJ") decision denying his application for withholding of removal and protection under the Convention Against Torture ("CAT"). "Where the BIA writes its own decision, as it did here, we review the BIA's decision, except to the extent it expressly adopts the IJ's decision." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1075-76 (9th Cir. 2020). "We review for substantial evidence the BIA's factual findings, which should be upheld unless the evidence compels a contrary result." *Id.* at 1076 (citation and internal quotation marks omitted). As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.

1. As a preliminary matter, Santiago Grande argues that the immigration court lacked jurisdiction because the Notice to Appear failed to specify the date, time, and location of his initial removal hearing, even though a later notice provided that information. This argument is foreclosed by our recent en banc decision in *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1192-93 & 1193 n.9 (9th Cir. 2022) (en banc) (holding that a defective notice to appear does not deprive the immigration court of subject matter jurisdiction).

2. To qualify for withholding of removal, "the applicant must demonstrate that it is 'more likely than not that he or she would be persecuted on account of race, religion, nationality, membership in a particular social group, or political opinion upon removal to [the country in question].'" *Silva v. Garland*, 993 F.3d

705, 719 (9th Cir. 2021) (alteration in original) (quoting 8 C.F.R. § 1208.16(b)(2)). The requirement that the applicant show that he or she would be persecuted "on account of" a protected ground is often referred to as the "nexus" requirement. *Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016) (citation omitted).

Substantial evidence supports the BIA's determination that Santiago Grande failed to establish nexus to a protected ground. Santiago Grande sought relief based on the particular social group of "adult male member[s] of the Santiago Grande family."[1] However, the record does not compel the conclusion that Santiago Grande has or will be persecuted on the basis of membership in that group. *See id.* at 1136-37 (stating that, to establish nexus, the applicant must show through direct or circumstantial evidence that the persecutor was motivated to harm the applicant because of a protected ground (citing *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992))); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

---

[1] Santiago Grande has waived any challenge related to the particular social group of "Mexican national[s] returning to Mexico from the United States after several years." *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (stating that issues not specifically raised and argued in a party's opening brief are waived).

3

We reject Santiago Grande's argument that the BIA's citation to *Matter of A-B-*, 27 I. & N. Dec. 316 (A.G. 2018) ("*A-B-I*"), which was later vacated by *Matter of A-B-*, 28 I. & N. Dec. 307 (A.G. 2021), necessitates a remand here because substantial evidence supports the BIA's nexus determination independent of any change in law caused by the vacatur of *A-B-I*.

3. Substantial evidence also supports the BIA's denial of CAT protection because Santiago Grande failed to show that he will more likely than not be tortured with the acquiescence of the Mexican government or a person acting in an official capacity. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1147-48 (9th Cir. 2021).

**PETITION FOR REVIEW DENIED.**[2]

---

[2] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied. Dkt. Nos. 1, 5.